IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CHARLES J. SIEVERT,
ANTHONY L. THOMAS and
"JOHN DOE PATIENTS," *et al.*,

        Plaintiffs,

v.

SAND RIDGE TREATMENT CENTER,
DEB McCOULLOCH, AMBER BEST, ED
SCALAN, SUSAN PALMER, TONY ASSET,
STEVE SNYDER, WISCONSIN DEPARTMENT
OF HEALTH SERVICES and
JOHN AND JANE DOES 1-52, *et al.*,

        Defendants.

ORDER

13-cv-737-wmc

---

Plaintiffs Charles J. Sievert and Anthony L. Thomas are presently in state custody pursuant to Wis. Stat. ch. 980 at the Sand Ridge Secure Treatment Center in Mauston, Wisconsin. Plaintiffs have filed a proposed complaint pursuant to 42 U.S.C. § 1983, on behalf of all "John Doe Patients" at the Sand Ridge Facility. Having filed two supplements or amendments to the complaint, plaintiffs seek leave to proceed *in forma pauperis* and they have also filed a motion for "appointment of counsel." Plaintiffs' motions are denied at this time for reasons set forth briefly below.

As an initial matter, the complaint and proposed supplements are signed only by Sievert, meaning that Thomas has failed to comply with Fed. R. Civ. P. 11(a) ("Every pleading, written motion and other paper must be signed by . . . a party personally if the party is unrepresented."). Unless promptly corrected, the court is required to strike an

unsigned pleading or motion from the record, rendering it without force or effect. Fed. R. Civ. P. 11(a).

As plaintiffs, both Sievert and Thomas are obligated to pay a filing fee in the amount of $400, unless both of them qualify as indigent under the federal *in forma pauperis* statute, 28 U.S.C. § 1915, in which case the fee for each plaintiff is $350. Plaintiff Sievert has filed a motion to proceed *in forma pauperis*, but he has not provided a certified copy of his resident account statement. This court uses one formula for determining whether an institutionalized litigant is entitled to proceed *in forma pauperis*, even in cases that are not subject to the mandatory fee provisions found in the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(b). *See Longbehn v. United States*, 169 F.3d 1082, 1083-84 (7th Cir. 1999) (approving the district court's incremental fee-collection formula for non-PLRA cases). To determine whether plaintiffs are eligible to proceed under the federal *in forma pauperis* statute, each plaintiff must provide a copy of his resident account statement for the six months preceding the complaint.

To the extent that plaintiffs seek the appointment of counsel, that motion must be denied. Unlike criminal defendants, civil litigants have no constitutional or statutory right to the appointment of counsel. *See, e.g., Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997); *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866-67 (7th Cir. 2013). The most a court can do is determine whether to recruit counsel *pro bono* to assist an eligible plaintiff who proceeds under the federal *in forma pauperis* statute. *See* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to

afford counsel."); *Pruitt v. Mote,* 503 F.3d 647, 653-54 (7th Cir. 2007) (en banc) (noting that, at most, the federal IFP statute confers discretion "to recruit a lawyer to represent an indigent civil litigant *pro bono publico*"). In other words, a reviewing court only has discretion to recruit a volunteer. *Ray,* 706 F.3d at 867.

The court cannot construe the pending motion for counsel as a request for assistance in locating a volunteer attorney. First, plaintiffs have not qualified for indigent status or otherwise demonstrated that they are eligible to proceed under the federal *in forma pauperis* statute. Second, as noted above, the complaint is deficient because it is not signed by both plaintiffs. Third, the court will not consider a motion for assistance in locating volunteer counsel in this case until after it has screened the complaint as required by the federal *in forma pauperis* statute, 28 U.S.C. § 1915(e)(2), and determined whether any portion is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary damages from an individual who by law is immune from such relief. Until the court has completed the screening process required by § 1915(e)(2), any motion for counsel is premature.

Once plaintiffs have cured the above-referenced deficiencies in their pleadings, and the court has screened the complaint as required by § 1915(e)(2), they may re-file a motion for counsel if: (1) they satisfy the threshold requirement for court assistance in recruiting counsel by showing that they have made reasonable efforts to find a lawyer by providing the names and addresses of at least three lawyers that they have asked to represent them in this case and who turned them down, *Jackson v. County of McLean,* 953

3

F.2d 1070, 1072-73 (7th Cir. 1992), and (2) they demonstrate that exceptional circumstances exist that would benefit from the assistance of trained legal counsel. *See Santiago v. Walls*, 599 F.3d 749, 763-64 (7th Cir. 2010); *Pruitt*, 503 F.3d at 655-56.

## ORDER

IT IS ORDERED that:

1. The motion for leave to proceed *in forma pauperis* (dkt. # 2) filed by plaintiffs Charles J. Sievert and Anthony L. Thomas is DENIED.

2. Plaintiffs' motion for appointment of counsel (dkt. # 3) is also DENIED.

3. Within twenty days of the date of this order, plaintiffs Charles J. Sievert and Anthony L. Thomas must file (1) an amended complaint that is signed by both plaintiffs; and (2) certified copies of their resident trust fund account statement for the six months preceeding the complaint. **If plaintiffs fail to comply as directed, the court will dismiss this case without further notice pursuant to Fed. R. Civ. P. 41.**

Entered this __31__ day of October, 2013.

BY THE COURT:

/s/
_____
PETER OPPENEER
Magistrate Judge