IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

CHARLES J. SIEVERT,

                Plaintiff,

                                              ORDER

v.

                                              13-cv-737-wmc

SAND RIDGE SECURE
TREATMENT CENTER, *et al.*,

                Defendants.

      Plaintiff Charles J. Sievert is currently a patient in custody at the Sand Ridge Secure Treatment Center, having been civilly committed pursuant to the Wisconsin Sexually Violent Persons Law, Wis. Stat. ch. 980.[1] Sievert filed this proposed civil action pursuant to 42 U.S.C. § 1983, alleging that his civil rights were violated when officials at Sand Ridge imposed disciplinary sanctions against him for "sexually acting out" with another patient. Sievert requests leave to proceed without prepayment of the full filing fee for purposes of the federal *in forma pauperis* statute. *See* 28 U.S.C. § 1915(a). He has also filed an amended complaint, seeks a temporary restraining order or preliminary injunction against the defendants and requests leave to conduct discovery.

      Before Sievert may proceed, the court is required by the federal *in forma pauperis* statute to screen the proposed complaint and dismiss any portion that is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks money damages from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2). In

---

[1] "A 'sexually violent person' means a person who has been convicted of a sexually violent offense, has been adjudicated delinquent for a sexually violent offense, or has been found not guilty of or not responsible for a sexually violent offense by reason of insanity of mental disease, defect, or illness, and who is dangerous because he or she suffers from a mental disorder that makes it likely that the person will engage in one or more acts of sexual violence." Wis. Stat. § 980.01(7).

addressing any *pro se* litigant's complaint, the court must read the allegations generously, reviewing them under "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 521 (1972). Even under this lenient standard, Sievert's request for leave to proceed must be denied and this case will be dismissed for reasons set forth below.

ALLEGATIONS OF FACT

For purposes of this order, the court accepts all well-pled allegations as true and assumes the following probative facts.[2]

Sievert was charged with three counts of first-degree sexual assault in Brown County Case No. 1992CF460. After pleading guilty to one of those counts in 1993, Sievert was sentenced to seven years in state prison. Anticipating his release from prison, the state petitioned to have Sievert civilly committed and detained in a secure treatment facility as a sexually violent person pursuant to Wis. Stat. ch. 980. That petition was granted in 2000, *see State v. Sievert*, Brown County Case No. 1999CI3, and he has been in custody of the Wisconsin Department of Health Services at the Wisconsin Resource Center or the Sand Ridge Secure Treatment Center ("Sand Ridge") ever since.

In his proposed complaint, Sievert purports to sue Sand Ridge, the Wisconsin Department of Health Services, Sand Ridge Director Deborah McCulloch and more than fifty other individual defendants employed at Sand Ridge, most of who are listed simply as John or Jane Doe with no further elaboration. Sievert's central claim is that he was

---

[2] The court has supplemented the facts with dates and procedural information about plaintiff's underlying state court proceedings from the electronic docket available at Wisconsin Circuit Court Access, http://wcca.wicourts.gov (last visited December 5, 2013). The court draws all other facts from the amended complaint (dkt. # 8).

denied due process in connection with disciplinary charges that were filed against him for acting out sexually with another patient (Anthony Thomas) in custody at Sand Ridge pursuant to Chapter 980. Both Sievert and Thomas were charged with violating the rules in place at Sand Ridge, which prohibit sexual activity between patients. As the result of disciplinary proceedings held in September 2013, Sievert and Thomas were each assessed a "separation sanction" of indefinite length ("without an end date"). Sievert was then assigned to "Unit AA" on the "A-side complex" at Sand Ridge, while Thomas was assigned to the "AD-Unit." Sievert adds that he is no longer allowed to work together with Thomas in the kitchen.

Sievert notes that he and Thomas had been disciplined for acting out sexually on two prior occasions, garnering separation orders of three months and six months, respectively. Sievert maintains that the indefinite separation sanction violates due process because it was not "documented" or announced during his disciplinary hearing as required by procedures in place at Sand Ridge. Instead, the indefinite separation sanction was imposed "outside the [parameters]" of the disciplinary proceeding as part of his "step program." Sievert seeks relief from the sanction and monetary damages in an amount between $5,000 and $10,000 from each defendant for the violation of his constitutional and "human rights."

OPINION

A complaint may be dismissed for failure to state a claim where the plaintiff alleges too little, failing to meet the minimal federal pleading requirements found in Fed.

3

R. Civ. P. 8. In that respect, Rule 8(a) requires a "'short and plain statement of the claim' sufficient to notify the defendants of the allegations against them and enable them to file an answer." *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006). While it is not necessary for a plaintiff to plead specific facts, he must articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In doing so, a plaintiff may "plead himself out of court" by including allegations which show that he has no valid claim. *Lekas v. Briley*, 405 F.3d 602, 613-14 (7th Cir. 2005) (citations omitted). Similarly, an action or claim may be dismissed as frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Here, Sievert contends that the defendants are liable under 42 U.S.C. § 1983 for violating his civil rights while acting under the color of state law. To state a claim under § 1983, a plaintiff must allege — at a minimum — the violation of a right protected by the Constitution and laws of the United States. *See Baker v. McCollan*, 443 U.S. 137, 140 (1979); *see also Cruz v. Safford*, 579 F.3d 840, 843 (7th Cir. 2009) (reciting the elements required to make a claim under § 1983). A plaintiff must also allege facts describing each defendant's personal involvement in the asserted constitutional violation. *See Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003); *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995). Sievert, who fails to specify personal involvement on the part of any individual defendant, does not come close to meeting this standard.

Construed generously, Sievert claims that he is being punished in violation of the Due Process Clause found in the Fourteenth Amendment. To state such a claim, Sievert

4

must demonstrate that he has a liberty interest in not being separated from Thomas while confined for treatment as a sexually violent person. The United States Court of Appeals for the Seventh Circuit has held that due process claims by individuals confined under Chapter 980 are governed by the same legal standard that applies to prison inmates. *See Thielman v. Leean*, 282 F.3d 478, 483 (7th Cir. 2002). Under that standard, Chapter 980 detainees like Sievert are not entitled to due process protections unless their duration of confinement is increased or they are subjected to an "atypical and significant" hardship. *Sandin v. Conner*, 515 U.S. 472, 484 (1995).

Sievert may believe that his indefinite separation from Thomas poses the kind of undue hardship that satisfies this standard, but the United States Supreme Court decision in *Sandin* says otherwise. Specifically, the Supreme Court held in *Sandin* that discipline in the form of "segregated confinement d[oes] not present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest." 515 U.S. at 484. The disciplinary sanction that merely results in Sievert's separation from one other patient at Sand Ridge, where he has been civilly committed for treatment under the Wisconsin sexually violent persons statute, falls far short of demonstrating an atypical or significant deprivation of the sort that the state would conceivably confer a liberty interest. *See Thielman*, 282 F.3d at 484 (observing that "any person already confined may not nickel and dime his way into a federal claim by citing small, incremental deprivations of physical freedom"). Accordingly, this claim will be dismissed as legally frivolous.

5

To the extent that Sievert takes issue with a decision to separate him from Thomas indefinitely as part of Sievert's "step program," his allegations appear to stem from a demotion in classification assessed by state officials in connection with Sievert's sex offender treatment regimen. *See Williams v. Nelson*, 398 F. Supp. 2d 977, 991 (W.D. Wis. 2005) (describing the "step program" designed for individuals receiving sex offender treatment at Sand Ridge). Once again, Sievert does not allege facts showing that his separation from Thomas is atypical or unusually harsh in relation to the ordinary incidents of life in a secure treatment center for sex offenders. *Compare Sandin*, 515 U.S. at 484 (concluding that inmates have no liberty interest in a period of administrative segregation for disciplinary reasons) *with Wilkinson v. Austin*, 545 U.S. 209, 221-23 (1995) (finding that state inmates have a liberty interest in avoiding assignment to a supermax prison setting, which entails extremely restrictive conditions and almost no human contact). On the contrary, physical separation from others, even loved ones, is a primary consequence for all who are imprisoned or civilly committed. It follows that this claim also lacks any arguable basis in law. Accordingly, the court will not grant Sievert's request for leave to proceed and will dismiss this case as frivolous.

ORDER

IT IS ORDERED that plaintiff Charles J. Sievert's request for leave to proceed (dkt. #2) is DENIED and this case is DISMISSED as frivolous. Sievert's motions to amend his complaint (dkt. #8), for leave to conduct discovery (dkt. #10) and for a

temporary restraining order or preliminary injunction (dkt. #11) are also DENIED as MOOT.

    Entered this 20th day of December, 2013.

                                        BY THE COURT:

                                        /s/

                                        _____
                                        WILLIAM M. CONLEY
                                        District Judge